J-S33010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
               :              PENNSYLVANIA
               :
          v.            :
               :
               :
RODRICK WILLIAMS           :
               :
        Appellant       :    No. 448 EDA 2025

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004328-2023

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:           **FILED NOVEMBER 5, 2025**

Rodrick Williams[1] appeals from the aggregate sentence of life in prison arising from his convictions of first-degree murder and related firearms offenses. We affirm.

The trial court summarized the background of this case thusly:

> On April 7, 2021, at approximately 6:15 p.m., officers responded to a call regarding a shooting and a car on fire at the 600 block of South 55th Street in Philadelphia. Upon arriving at the scene, officers observed a white Jeep engulfed in flames, with the engine still running, that had crashed into other parked cars. Officers also noticed an unresponsive male in the front driver's seat of the Jeep, suffering from a gunshot wound to the head, as well as a bullet hole through the driver's side of the windshield.
>
> At approximately 6:21 p.m., the fire department arrived to extinguish the fire and extract the male from the Jeep. When

---

[1] The caption for the matter in the trial court erroneously spelled Appellant's name as "Roderick" instead of "Rodrick." We have amended the caption for this appeal accordingly.

removing the male from the car, officers found a passport in the man's left pocket and identified [him] as Michael Mines. Officers also saw a firearm [with no serial number] in Mr. Mine[s]'s waistband and placed it in the back seat of the Jeep. Medics attempted to treat Mr. Mines, but he was unresponsive. Additionally, they noticed two gunshot wounds to Mr. Mine[s]'s head. Mr. Mines was pronounced dead on scene at approximately 6:22 p.m. The medical examiner determined that Mr. Mine[s]'s cause of death was gunshot wounds to the head, and his manner of death was homicide. [Four spent .22 caliber casings were retrieved from the vehicle.]

According to Mr. Mines's girlfriend, Tyanah Smith, a few weeks before Mr. Mines was killed, he had gotten into an argument with his friend, Jamal Jackson, over their business selling marijuana together. Mr. Jackson was [Appellant]'s brother, and was killed on April 5, 2021, two days before Mr. Mines was killed. Ms. Smith said that she saw an Instagram Live video on [Appellant]'s Instagram account, on which [Appellant] showed a gun and claimed that he had killed [Mr.] Mines.

Pursuant to a search warrant for [Appellant]'s phone and Instagram account, . . . police found direct messages from [Appellant] prior to the murder of Mr. Mines in which [he] discussed his belief that Mr. Mines killed [his] brother . . . and that [Appellant] was going to "do something" about it. Less than [ten] minutes before the murder, Mr. Mines sent direct messages from his Instagram account . . . to [Appellant]'s . . . account, in which Mr. Mines, who was driving at the time, told [Appellant] that he was on his way to see [Appellant], and apprised [Appellant] of his location. After Mr. Mines was murdered, [Appellant] sent Instagram messages [to multiple individuals] confirming that he had killed Mr. Mines.

Trial Court Opinion, 4/7/25, at 2-4 (cleaned up).

In light of the above, the Commonwealth charged Appellant with numerous offenses, including murder of the first and third degrees. The matter proceeded to a jury trial, wherein the Commonwealth introduced evidence supporting the above recitation of the facts. Furthermore, the

evidence bore out that cell site information from Appellant's phone and surveillance footage from a nearby business placed Appellant at the crime scene during the time of the shooting, and that after the shooting Appellant made a video wherein he requested that someone procure .22 caliber ammunition. Appellant did not testify, although he and the Commonwealth stipulated that four character witnesses would have attested to Appellant's reputation in the community for being a peaceable and law-abiding person.

At the conclusion of trial, the jury convicted Appellant of first-degree murder, carrying a firearm without a license, carrying a firearm on a public street or public property in Philadelphia, and possession of an instrument of crime.[2] The trial court thereafter sentenced Appellant to life in prison on the murder conviction and imposed concurrent sentences as to the remaining offenses. Appellant filed a post-sentence motion asserting that his convictions were against the weight of the evidence. The court denied the motion without a hearing.

This timely appeal followed. Both the trial court and Appellant complied with their respective duties imposed pursuant to Pa.R.A.P. 1925. Appellant presents a single issue for our consideration: "Was the verdict of guilty rendered against the weight of the evidence?" Appellant's brief at 3.

The following law applies to our review of Appellant's claim:

---

[2] Since the jury determined that Appellant was guilty of first-degree murder, it made no finding with respect to the third-degree murder charge.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Arias*, 286 A.3d 341, 352 (Pa.Super. 2022) (cleaned up).

Appellant's argument on appeal is terse, composed of three substantive paragraphs. He avers that there is a deficiency of direct evidence linking Appellant to the crime, highlighting the following matters: the decedent had a "ghost gun" on him at the time of death and was a marijuana seller, no one visually identified the shooter, there was no conclusive DNA evidence tying Appellant to the decedent's vehicle, and cell phone information placing Appellant within the area of the shooting meant little, as Appellant lived in that same neighborhood. *See* Appellant's brief at 5-6. Appellant contends that his social media posts claiming responsibility for the killing were a form of "trolling" that do not constitute compelling evidence of guilt. *Id*. at 6. He concludes:

[T]he jury's verdict was based on out-of-court statements, no identification, no forensic evidence, and a biased girlfriend of the decedent saying she saw [Appellant] confess to the killing in a video that no one else saw and no proof of which exists outside of her self-serving testimony. The fact that [Appellant] was in his

own neighborhood at the time of the murder is not enough to corroborate the clearly biased testimony of [Mr. Mine]'s girlfriend.

*Id*.

In its Rule 1925(a) opinion, the trial court addressed this issue at length in conjunction with a discussion as to the sufficiency of the evidence supporting the convictions, which Appellant raised in his statement of errors but did not pursue on appeal. Within that analysis, it emphasized particularly its finding of evidentiary support for the notion that Appellant caused the death of Mr. Mines. *See* Trial Court Opinion, 4/7/25, at 6-10. This included, *inter alia*, Ms. Smith's testimony concerning the relationship between Mr. Mines and Appellant's recently killed brother; her testimony that she saw Appellant's Instagram Live video admitting to the murder; the multiple conversations from Appellant to other individuals on Instagram discussing his committing the murder; the messages between Appellant and Mr. Mines mere minutes before the shooting indicating that they were meeting; subsequent messages from Appellant to Mr. Mines's Instagram account calling the decedent a "pussy" and blaming him for the death of Appellant's brother; cell site data confirming that Appellant was at the scene of the shooting when it occurred; surveillance footage from a nearby business showing an individual resembling Appellant fleeing the scene; and that the shell casings recovered from the scene, namely .22 caliber rounds, were the same as those discussed by Appellant in various Instagram postings following the time of the shooting. *Id*. Based on this, the court opined that the evidence "clearly established that [Appellant] committed all of the crimes of which he was convicted.

Accordingly, the verdicts in this case were completely supported by the Commonwealth's compelling evidence and in no way shocked the conscience of the court." *Id*. at 13. (cleaned up).

Upon review, we cannot conclude that the trial court abused its discretion in rejecting Appellant's weight claim. Plainly, the court thoroughly examined the evidence and evinced no bias, ill-will, or other improper basis for its conclusion that the verdict was not against the weight of the evidence. Stated another way, the court's determination did not run counter to any facts that were of such great weight "that to ignore them or to give them equal weight with all the facts is to deny justice." *See Arias*, 286 A.3d at 352. Since the court properly exercised its discretion, no relief is due.

In light of the above, we have no basis to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2025